# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NANCY J. COST,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1075**  (BOR Appeal No. 2049405)
                    (Claim No. 2002022338)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nancy J. Cost, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Dawn George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2014, in which the Board affirmed an April 4, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 22, 2013, decision denying a request for authorization of a right knee arthroscopy. Additionally, the Office of Judges affirmed the claims administrator's August 23, 2013, decision denying a request to add tear of the lateral cartilage of the meniscus of the knee, ganglion of the joint, effusion of the joint of the lower leg, and synovial cyst of the popliteal space as compensable components of the claim. Finally, the Office of Judges affirmed two separate claims administrator's decisions dated August 23, 2013, denying a request for authorization of treatment with Dana Mears, M.D., and Michael Rytel, M.D., and denying a request for authorization of a one-time consultation with Mark Leeson, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cost injured her lower back while operating a jackhammer on October 3, 2001. Her claim has been held compensable for lumbar sprain, lumbar radiculopathy, lumbar degenerative disc disease, spondylolisthesis, hardware failure caused by a mechanical complication, failed spinal fusion, depression, and anxiety. Following the compensable injury, Ms. Cost underwent numerous surgeries that culminated in the surgical fusion of her entire spinal column. It appears that she developed right knee pain while undergoing authorized physical therapy aimed at treating the lumbar spine sometime in 2011.

On May 21, 2013, a right knee MRI was performed and revealed an extensive tear of the lateral meniscus, a mass arising out of the fibulotibial joint where there are also degenerative changes, joint effusion, and an intra-articular ganglion cyst located in the posterior aspect of the fibulotibial joint. On May 29, 2013, Ms. Cost sought treatment with Charles Capito, M.D. He diagnosed degenerative arthritis of the right knee with a lateral meniscus tear secondary to the arthritis, Baker's cysts, a synovial cyst, an intra-articular ganglion cyst, effusion, and synovitis.

On August 6, 2013, Dr. Capito filed a diagnosis update request listing a lateral meniscus tear of the right knee as the primary diagnosis and synovial cyst of the proximal fibulotibial joint, joint effusion, and an intra-articular ganglion cyst as secondary diagnoses. Ms. Cost was subsequently treated by Dr. Mears and Dr. Rytel, who both noted the presence of severe arthritic degenerative changes including bone-on-bone contact in the right knee joint, meniscal tears, and multiple cysts. Dr. Rytel performed a right knee arthroscopy, and Dr. Mears later performed a total right knee replacement.

On August 22, 2013, the claims administrator denied Ms. Cost's request for authorization of a right knee arthroscopy. On August 23, 2013, the claims administrator denied Ms. Cost's request to add tear of the lateral cartilage of the meniscus of the knee, ganglion of the joint, effusion of the joint of the lower leg, and synovial cyst of the popliteal space as compensable components of the claim. Also on August 23, 2013, the claims administrator denied Ms. Cost's request for authorization of treatment with Dr. Mears and Dr. Rytel. Finally, on August 23, 2013, the claims administrator also denied authorization for a one-time consultation with Dr. Leeson.[1]

---

[1] The reason for the requested authorization of a consultation with Dr. Leeson is somewhat unclear. Ms. Cost did not provide this Court with a copy of the request for authorization of the consultation. In her appellate brief, Ms. Cost asserts that the consultation with Dr. Leeson was requested for the purpose of evaluating her need for a total right knee replacement, but the record indicates that a total knee replacement was performed by Dr. Mears. However, in Dr. Capito's treatment note dated May 29, 2013, he indicated that a referral to Dr. Leeson would occur only if

In its Order affirming the August 22, 2013, and August 23, 2013, claims administrator's decisions, the Office of Judges held that the requested additional compensable components should not be added as compensable diagnoses in the instant claim and also held that the requested treatments do not constitute medically related and reasonably required treatment in relation to the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 23, 2014. On appeal, Ms. Cost asserts that because the Office of Judges granted authorization for a right knee MRI on July 1, 2013, she is entitled to have the requested additional diagnoses added as compensable components of the claim and is also entitled to authorization for the requested medical treatment.

With respect to Ms. Cost's argument that her request to add additional diagnoses as compensable components of the claim and her requests for authorization of various medical treatment should be authorized because the Office of Judges authorized a right knee MRI on July 1, 2013, we note that the Office of Judges specifically authorized the MRI for the sole purpose of determining the causes of and the compensability of Ms. Cost's right knee pain, which is the subject of the instant appeal. Regarding Ms. Cost's request to add additional diagnoses as compensable components of the claim, the Office of Judges determined that although the record indicates that she developed right knee pain following authorized physical therapy for the lumbar spine, she has failed to submit sufficient evidence to support her assertion that the requested additional diagnoses relate to the compensable back injury.[2] Regarding Ms. Cost's requests for treatment authorization, the Office of Judges found that because the compensability of all diagnoses concerning the right knee has been denied, the request for authorization of a right knee arthroscopy and request for authorization of multiple consultations with various physicians for treatment of the right knee cannot be authorized. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

the suspicious mass in Ms. Cost's right knee visible on the MRI proved to be a sarcoma, which subsequent diagnostic tests revealed it is not.

[2] We note that Ms. Cost did not submit any medical evidence in support of her claim on appeal to this Court.

3

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum